IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAMIKA SANGSTER, ) | |
| ) | 1:20-cv-03624 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HUNTER WARFIELD, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the plaintiff, SHAMIKA SANGSTER, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, HUNTER WARFIELD, INC., the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. SHAMIKA SANGSTER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Chicago, County of Cook, State of Illinois.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to MAC Apartments (hereinafter, "the Debt").

6. The Debt was for unknown expenses relating to an apartment Plaintiff had rented in the past which was for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. HUNTER WARFIELD, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant's principal place of business is located in the State of Florida. Defendant is incorporated in the State of Illinois.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. <u>ALLEGATIONS</u>

14. On or about April 23, 2020 Plaintiff received a telephone call from a duly authorized representative of Defendant, who stated that he was calling to collect the Debt from Plaintiff.

15. On or about April 23, 2020, during the course of a telephone call between Defendant and Plaintiff, Defendant stated that Defendant was getting ready to take the matter to court.

16. The aforesaid comment left Plaintiff the impression that Defendant would be filing a lawsuit against Plaintiff.

17. Upon information and belief, Defendant has not filed a lawsuit against Plaintiff for the Debt.

18. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt.

19. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

20. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the Debt.

21. Upon information and belief, at the time of making the aforementioned threat, Defendant did not have any employees that were licensed to practice law in the State of Illinois.

22. Plaintiff then and there sought to pay off the debt so as to avoid having to answer a lawsuit.

23. Plaintiff was able to set up a plan with Defendant whereby Defendant would take two different payments from Plaintiff in order to satisfy the debt. The first payment to be made at

that moment, in the amount of $1,700, and the second would be automatically withdrawn from Plaintiff's checking account by Defendant on May 29, 2019.

24. Defendant then advised Plaintiff that if she made her payments, Defendant would have the account deleted from Plaintiff's credit file.

25. On May 29, 2020, Defendant did not take Plaintiff's payment as promised, and did not request that the account be deleted from Plaintiff's credit file.

26. On May 29, 2020, Plaintiff called Defendant herself to initiate the payment.

27. Plaintiff made the final payment to satisfy the debt to Defendant.

28. Plaintiff then and there asked Defendant if it would still be deleting the account from Plaintiff's credit file.

29. Defendant replied that it would not delete the account, but rather, would issue a paid in full letter to Plaintiff within 24 hours. Defendant advised that Plaintiff could enter Defendant's web portal and download her "paid in full" letter within 24 hours of the payment.

30. Plaintiff did not receive and was not able to obtain a "paid in full" letter from Defendant within 24 hours of paying or at any time up to the filing of this Complaint.

31. In its attempts to collect the debt allegedly owed by Plaintiff to MAC Apartments, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    d. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

32. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V. JURY DEMAND

33. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SHAMIKA SANGSTER, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**SHAMIKA SANGSTER**

By:   s/ David M. Marco
      Attorney for Plaintiff

Dated: June 19, 2020

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com